UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUSAN D. MARTINEZ | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 16-cv-56-XR |
| | § | |
| VOLKSWAGEN GROUP OF AMERICA, INC., ET AL. | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On this day came on to be considered Plaintiff's motion to remand (docket no. 3) and Plaintiff's motion to lift stay (docket no. 13).

### Background

Plaintiff, a Texas resident, initially brought suit in Texas district court alleging that she purchased a 2013 Volkswagen Passat SD in May of 2013 at North Park 1-10 West, Inc. (a Texas based corporation).[1] She alleges that the vehicle was designed, manufactured, marketed and distributed by Volkswagen AG and Volkswagen Group of America, Inc. She further alleges that she purchased the vehicle, in part, because of its alleged clean diesel engine and promises of fuel efficiency. She alleges that Volkswagen intentionally installed a "defeat device" to detect when the vehicle was being tested for emissions and enable full emissions control only during such testing. She alleges that despite the marketing representations, the vehicle actually emitted more pollutants than allowable under U.S. standards. She alleges that had she known the marketing representations were false, she would not have purchased the vehicle.

---

[1] Cause No. 2015CI19091, filed November 13, 2015 in the 45th Judicial District Court of Bexar County, Texas.

Plaintiff asserts causes of action for breach of contract, violations of the Texas Deceptive Trade Practices Act, fraud, breach of warranty, and unjust enrichment.

Defendant North Park I-10 West, Inc. removed the case to this court on January 20, 2016, alleging that the Plaintiff's claims "all arise out of, and are based upon, the same allegations that Volkswagen Group of America, Inc. and Volkswagen AG violated the Clean Air Act and the regulations promulgated by the EPA. This is a federal question which gives this court federal question jurisdiction pursuant to 28 U.S.C. §1331 and §1441(a)."

Defendant also requested that this action be stayed pending consolidation of this action with the multi-district litigation pending before the Northern District of California.

Plaintiff seeks a lifting of the stay previously imposed in this case arguing that the Federal MDL court has made no rulings, this Court retains jurisdiction to decide the motion for remand, and that the manner in which this case has been pled is substantially different from the other cases being considered in the Federal MDL court.

Plaintiff seeks remand arguing that she did not make any claim or seek any relief under any federal law, but merely referenced that that "Defendants lied to the Plaintiff by misrepresenting that the vehicle in question met all applicable federal emissions standards when it did not." Secondly, she argues that all properly served Defendants did not consent to removal. Finally, she argues that the removal was untimely because VW had requested and had already been granted the creation of a Texas state MDL to which this case had already been transferred.

**Analysis**

A.  **Federal Question Issue**

"A federal court only has original or removal jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction

if the plaintiff properly pleads only a state law cause of action. *E.g., Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S. Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). A case may 'arise under' federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.' *Id.* at 2846. But 'this statement must be read with caution.' *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986)." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).

Plaintiff's complaint here raises only state law causes of action. In her state court petition Plaintiff alleged Defendants falsely represented that their vehicles complied with federal regulations. This reference, like the reference in *MSOF Corp. v. Exxon Corp.*, "does not suffice to render the action one arising under federal law." *Id.* at 490.[2] Indeed, in its representations to the state MDL court, Defendant did not argue that there was any substantial federal interest and acknowledged that the allegations implicated whether VW's business practices violated any state law. *See* Section C, infra.

### B.  Did all properly served Defendants consent to removal?

Defendants argue that VWAG, incorporated under the laws of the Federal Republic of Germany, has not been properly served. Plaintiff effectuated service by serving through use of the Texas long-arm statute through service on the Secretary of the State of Texas. Defendant

---

[2] *See also Besse v. Gen. Motors Corp.*, 317 F. Supp. 2d 646, 655 (D.S.C. 2004)(rejecting Defendant's claims that automotive safety recall policies and control of vehicle omissions implicate an important federal interest such that federal common law supplants state law). *But see LaFoy v. Volkswagen Group of America, Inc.*, 2016 WL 2733161 (E.D. Mo. May 11, 2016) (Court stated that each of the claims in that case required the plaintiff to prove that the defendant violated the federal Clean Air Act. "While the Court does not make a determination on whether federal question jurisdiction is appropriate, it cannot be said federal jurisdiction is clearly absent as Defendant is able to make a reasonable argument for jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331."). This Court is bound, however, by Fifth Circuit precedent. The fact that violation of a federal statute or regulation may be an element of a state tort claim is insufficient to establish a substantial federal interest. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 338-39 (5th Cir. 2008).

argues that service must be effectuated by compliance with the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965 (Hague Convention) [1969] 20 U.S.T. 361, T.I.A.S. No. 6638.

Given the Court's conclusion that there is no federal question jurisdiction in this case, the Court does not reach this argument. In any event, questions remain that preclude the Court from deciding this issue. Although the Republic of Germany is a signatory to The Hague Convention, the Court has not been informed as to whether the Republic of Germany opposes service of process under Articles 8 and 10 (service by mail).

### C. Did VW's actions waive any right to removal?

As stated above, Plaintiff filed her state court petition on November 13, 2015. On November 17, 2015, VW filed a motion to transfer the state court case to a state pretrial court for consolidated or coordinated pretrial proceedings. It also sought a stay of all related trial court proceedings in the 45th Judicial District Court. In that motion, VW argued that the "common allegations implicate VWGoA's business practices relating to, and knowledge of any involvement, if any, in the design and installation of the emissions-control systems in the Clean Diesel Vehicles." The State of Texas MultiDistrict Litigation Panel granted VW's motions on November 23, 2015 and January 14, 2016.

Defendant responds that its action was akin to merely filing an answer and does not preclude its right to remove this case.

A defendant can waive the right to remove to federal court if it "proceed[s] to defend the action in state court or otherwise invoke[s] the processes of that court." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). The waiver must "be clear and indicate a specific, positive intent to proceed in state court." *Jacko v. Thorn Americas, Inc.*, 121 F.Supp.2d 574, 576 (E.D.

Tex. 2000). This Court is not aware of any case that has deemed filing a motion to consolidate a state district court case into a state court MDL panel as a waiver of the right to remove. Generally, the filing of an answer is not sufficient to constitute waiver, but on the other end of the spectrum undertaking discovery and the filing of dispositive motions has been deemed a waiver. *See Zbranek v. Hofheinz*, 727 F. Supp 324, 325 (E.D. Tex. 1989). Given the Court's conclusion that no federal question exists in this case, the Court declines to decide on this issue. Among other questions, no party has briefed whether the defendant was required by some deadline to file its request with the State MDL panel or whether it could have waited to do so.

## Conclusion

This Court lacks subject matter jurisdiction. Accordingly, this case is remanded to the 45th Judicial District Court of Bexar County, Texas. Given the differing conclusion rendered by the Eastern District of Missouri, this Court declines to award costs and attorney's fees associated with the removal and remand of this case.

SIGNED this 18th day of May, 2016.

XAVIER RODRIGUEZ  
UNITED STATES DISTRICT JUDGE